UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES M. DOUCOT,<br><br>       Plaintiff,<br><br>v.<br><br>IDS SCHEER, INC. and IDS SCHEER AMERICAS, INC.,<br><br>       Defendants. | CIVIL ACTION<br>NO. 1:09-CV-11482 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Charles M. Doucot ("Mr. Doucot") hereby opposes Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint ("Partial Motion to Dismiss"). Mr. Doucot incorporates herein the contents of Plaintiff's Opposition to Defendants' Motion to Dismiss filed on October 19, 2009 (Document 19). For the reasons stated in Document 19, as well as the reasons stated below, Mr. Doucot asserts that the Partial Motion to Dismiss should be denied in its entirety:

(1) The Partial Motion to Dismiss – unlike the previous motions to dismiss filed by Defendants – does not seek dismissal of Mr. Doucot's claim of breach of contract with respect to payment of the 2009 Plan Bonus. See Second Amended Complaint, Count I; Partial Motion to Dismiss at p. 1. Indeed, in Defendant IDS Scheer Americas, Inc.'s Answer to Plaintiff's Second Amended Complaint (the "Answer"), IDS Scheer Americas, Inc. admitted that Amy Goldberg stated that IDS Scheer Americas, Inc. would provide Mr. Doucot with the calculation of the amount of his 2009 Plan Bonus in June 2009 and states that "on or about March 15, 2010, Mr. Doucot was paid his prorated 2009 Plan Bonus in full." See Answer, ¶ 14. However,

Defendants continue to refuse to provide Mr. Doucot with a calculation of the amount of his 2009 Plan Bonus.  <u>See</u> Amy Goldberg March 18, 2010 e-mail (declining request for information regarding calculations and metrics of 2009 bonus), attached hereto as Exhibit A.

(2) In light of Defendants' concession that Mr. Doucot was owed his 2009 Plan Bonus, as demonstrated by their payment of a 2009 Plan Bonus to Mr. Doucot on or about March 15, 2010, <u>see</u> Answer, ¶ 14, Defendants' arguments in support of dismissal of Mr. Doucot's claim for attorneys' fees pursuant to Count IV of the Second Amended Complaint are clearly undercut.  <u>See</u> Memorandum in Support of Partial Motion to Dismiss, pp. 11, 14; Second Amended Complaint, Count IV (asserting a claim for attorneys' fees based on language of Mr. Doucot's employment agreement providing that "[i]f an action at law or in equity is necessary to enforce or interpret the terms of [the] Agreement, the prevailing party shall be entitled to recover, in addition to any other relief, reasonable attorneys' fees, costs and disbursements").

(3) Furthermore, in arguing that Mr. Doucot's claim for his Retention Plan 2010 Bonus should be dismissed, Defendants once again conveniently ignore the express language of the Retention Plan 2010 vesting schedule, which provides that "[t]he allocated bonus base will begin to be <u>earned</u> when more than 70% of the goal has been met (0% bonus at achievement of 70%), will be <u>fully earned</u> when more than 100% of the goal has been met, <u>will end</u> when more than 140% of the goal has been met (233,3% bonus at achievement of 140%)."  <u>See</u> Second Amended Complaint, Ex. 1, Ex. B (emphasis added).  The plain language of this provision of the Retention Plan 2010 belies Defendants' argument that the "clear language" of the Retention Plan 2010 prevents Mr. Doucot from earning the Retention Plan 2010 bonus prior to 2010.  <u>See</u> Memorandum in Support of Partial Motion to Dismiss, pp. 9-14 & n. 10.

## CONCLUSION

For the foregoing reasons, Defendants' Partial Motion to Dismiss should be denied in its entirety.

        CHARLES M. DOUCOT,

        By his attorneys,

        /s/ Rachel E. Brodin
        Adrienne M. Markham (BBO# 320740)
        Rachel E. Brodin (BBO# 666227)
        GOULSTON & STORRS, P.C.
        400 Atlantic Avenue
        Boston, Massachusetts 02110-3333
        Telephone:  (617) 482-1776
        Facsimile:  (617) 574-4112

Dated:  April 28, 2010

## CERTIFICATION PURSUANT TO LOCAL RULE 5.2(b)

As required by the Electronic Case Filing Administrative Procedures in effect in this District, I, Rachel E. Brodin, certify that this document, filed through the ECF system, will be sent electronically to the attorney of record for each party in this action, each of whom is a registered participant as identified on the Notice of Electronic Filing, this 28th day of April, 2010.

/s/ Rachel E. Brodin
Rachel E. Brodin